UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANDRE LEE COLEMAN,

            Plaintiff,                      Case No. 2:10-cv-322

v.                                                       Honorable R. Allan Edgar

BERTINA M. BOWERMAN,

            Defendants.
_____/

## MEMORANDUM OPINION REVOKING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        Plaintiff Andre Lee Coleman, a prisoner incarcerated at Ionia Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis*. Defendants have filed motions to revoke Plaintiff's pauper status (docket #10). Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous or failing to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The court will vacate the earlier order allowing Plaintiff to proceed *in forma pauperis* and order Plaintiff to pay the civil action filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the court will order that his action be dismissed without prejudice.

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and

the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v.*

*Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

the docket sheets of each of the previously dismissed cases, and concludes that at least three previous dismissals qualify under section 1915(g): *Coleman v. Lentin*, No. 2:92-cv-120 (W.D. Mich. Aug. 31, 1992); *Coleman v. Kinnunen*, 2:05-cv-256 (W.D. Mich. Mar. 17, 2008); *Coleman v. Sweeney*, 2:09-cv-178 (W.D. Mich. Oct. 5, 2009). Judge Janet Neff of this court has previously determined that Plaintiff falls within this "three strikes" provision of section 1915(g) and has revoked *in forma pauperis* status on that basis. *Coleman v. Vroman*, No. 1:10-cv-354 (W.D. Mich. May 27, 2011). In her opinion and order, Judge Neff analyzed and rejected each of Plaintiff's arguments as to why the same three cases cited above should not be considered as "strikes" under section 1915(g). On the present record, there can be no doubt that Plaintiff is subject to section 1915(g) because he has filed at least three lawsuits that were previously dismissed as frivolous, malicious, or for failure to state a claim.

Section 1915(g) grants an exemption for an inmate who is "under imminent danger of serious physical injury." To qualify under this exemption, a plaintiff must allege facts showing "real and proximate" danger that exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). A prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* In the present case, the facts alleged by Plaintiff do not establish imminent danger of serious physical injury. Plaintiff's claims concern retaliatory misconduct tickets and interference with his right of access to the courts.

In conclusion, section 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The court will vacate the order granting *in forma pauperis* status and require Plaintiff

to pay the entire civil action filing fee, which is $350, within 28 days of the date of entry of this order.  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the entire filing fee.  *See In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).


Dated:  March 16, 2012  　　　　　　　　 /s/ R. Allan Edgar
　　　　　　　　　　　　　　　　　　　　R. Allan Edgar
　　　　　　　　　　　　　　　　　　　　United States District Judge



**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**